FILED
United States Court of Appeals
Tenth Circuit

December 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM Y. BUCHANAN,

        Petitioner-Appellee,

v.

PATRICK SNEDEKER, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellants.

No. 09-2051

(D.C. No. 1:03-CV-01231-JAP-RHS)
(D. N. M.)

**ORDER OF DISMISSAL**

Before **KELLY**, **EBEL**, and **BRISCOE**, Circuit Judges.

Petitioner-appellee William Buchanan has filed a motion to dismiss the instant

appeal as moot. Respondents-appellants, representing the State of New Mexico (State),

oppose Buchanan's motion. For the reasons outlined below, we grant Buchanan's motion

and dismiss the appeal as moot.

I

In October 2003, Buchanan, a New Mexico state prisoner, filed a 28 U.S.C. § 2254

habeas petition challenging the constitutionality of his state convictions. On December 2,

2008, the district court granted Buchanan's petition in part and vacated Buchanan's

convictions for first degree murder and conspiracy to commit first degree murder. On

February 5, 2009, the district court entered final judgment in the case and ordered Buchanan to be released from custody under the sentences imposed for the vacated convictions unless a new trial was commenced on those charges in state court within ninety days of entry of the final judgment. The State filed a notice of appeal on March 6, 2009. On March 30, 2009, the district court granted the State a temporary thirty-day stay of the final judgment to afford it additional time to commence a new trial or seek a further stay from this court. The State subsequently filed a motion for stay pending appeal with this court. That motion was denied by this court on May 14, 2009.

Following this court's denial of the motion to stay, the State proceeded toward retrial of Buchanan on the vacated convictions. On October 26, 2009, the State and Buchanan entered into a plea agreement, in which Buchanan agreed to plead guilty to the offense of accessory to second degree murder. In return, the State agreed to dismiss any remaining charges against Buchanan. On November 3, 2009, the state district court accepted the plea agreement, sentenced Buchanan in accordance with the terms of the plea agreement, and entered final judgment in the case. Under the terms of that final judgment, the first degree murder and conspiracy to commit first degree murder charges were dismissed.

On November 4, 2009, Buchanan moved to dismiss the instant appeal as moot. The State filed a brief in opposition to Buchanan's motion and Buchanan filed a reply brief.

## II

"Although we have jurisdiction over appeals from all final decisions of federal district courts, 28 U.S.C. § 1291, we have no subject matter jurisdiction over a case if it is moot." Corder v. Lewis Palmer School Dist. No. 38, 566 F.3d 1219, 1224 (10th Cir. 2009). "[M]ootness can arise at any stage of litigation, . . . and . . . an appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant . . . ." Calderon v. Moore, 518 U.S. 149, 150 (1996) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

That is precisely what has occurred here. The State, in seeking to retry Buchanan, chose to conclude the retrial proceedings by entering into a written plea agreement with Buchanan. That agreement has now been accepted by the state trial court, Buchanan has been convicted of and sentenced for a lesser crime, the original charges of first degree murder and conspiracy to commit first degree murder have been dismissed, and final judgment has been entered. As a result, we are "prevented from granting any effectual relief whatever in the State's favor . . . ." Id. (internal quotation marks omitted).

The State, in its response to Buchanan's motion, argues that if this appeal is deemed moot, the district court's judgment granting Buchanan federal habeas relief must be vacated. But the State is mistaken. Although "vacatur must be decreed for those judgments whose review is . . . prevented through happenstance," U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23 (1994), a different rule applies where, as here, "mootness results from settlement," id. at 25. In those situations, "the losing party has

3

voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." Id. In other words, "[t]he judgment is not unreviewable, but simply unreviewed by his own choice." Id. In this case, the State, by entering into the plea agreement with Buchanan in state court, effectively settled the ongoing federal habeas dispute. More specifically, the State voluntarily agreed to a dismissal of the original charges of first degree murder and conspiracy to commit first degree murder, i.e., the charges that gave rise to the convictions challenged by Buchanan in his federal habeas petition, in exchange for Buchanan agreeing to plead guilty to a lesser offense. Consequently, the State, by voluntarily entering into the plea agreement with Buchanan, is not entitled to vacatur of the district court's judgment granting Buchanan federal habeas relief.

Buchanan's motion to dismiss the appeal as moot is GRANTED and the appeal is DISMISSED. This case is removed from this court's oral argument docket scheduled for January 13, 2010, in Denver, Colorado, and counsel are excused from attending.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4