**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALHAJI MOHAMED TUNKARA, | No. 08-72554 |
| Petitioner, | Agency No. A095-600-343 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2010[**]
Seattle, Washington

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

Alhaji Mohamed Tunkara petitions for review of the Board of Immigration

Appeals' decision affirming the IJ's denial of his applications for asylum,

withholding of removal, and CAT relief. We review the BIA's and IJ's adverse

credibility findings and determinations of asylum eligibility for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). We deny the petition.

The record evidence would not compel a reasonable finder of fact to overturn the adverse credibility findings here. Tunkara inconsistently described the rebels' motivation for their attacks on his family, an issue that went to the heart of his asylum claim. *See* 8 C.F.R. § 1208.13(a), (b)(1) (stating that a petitioner must establish that he suffered past persecution "on account of" a protected ground). We therefore defer to the IJ's adverse credibility finding because he established a "legitimate, articulable basis" for questioning Tunkara's credibility that went to the heart of his claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Moreover, substantial evidence supports the IJ and BIA's alternative findings that even if Tunkara had been credible, he failed to establish persecution on a protected ground. Tunkara's testimony would have established that his family was not politically active, and he failed to point to any actions demonstrating that the rebels imputed a political opinion to him. *See Navas v. INS*, 217 F.3d 646, 659 (9th Cir. 2000). Substantial evidence also supports the BIA's further conclusion that country conditions in Sierra Leone had changed so that Tunkara no longer had a well-founded fear of future persecution. *See Sowe*, 538 F.3d at 1286.

We decline to address Tunkara's arguments concerning withholding of removal and CAT relief, which he failed to raise before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

PETITION DENIED.