**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PERRY ADRON MCCULLOUGH,
*Petitioner-Appellant*,

v.

CONRAD M. GRABER, Warden,
*Respondent-Appellee*.

No. 11-16920

D.C. No.
4:10-cv-00465-
FRZ

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted
February 15, 2013—San Francisco, California

Filed May 10, 2013

Before: Jerome Farris and N. Randy Smith, Circuit Judges,
and Timothy M. Burgess, District Judge.[*]

Opinion by Judge Burgess

---

[*] The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel dismissed as moot a 28 U.S.C. § 2241 habeas corpus petition requesting reconsideration of the Bureau of Prisons' rejection of petitioner's application to the Second Chance Act's elderly offender pilot program, which no longer exists.

The Second Chance Act of 2007 allowed the Bureau to remove eligible elderly offenders from a Bureau facility and place them on home detention. The panel held that petitioner's appeal is moot because the relief requested in his habeas petition is no longer available.

The panel further held that, although its decision does not foreclose that there may be circumstances under which a habeas petitioner who is denied entry to a program that no longer exists may obtain relief, petitioner's claim in this case fails on the merits. Petitioner contended that he was eligible for the program if the Bureau took into account his good time credits. The panel agreed with the Tenth Circuit's decision in *Izzo v. Wiley*, 620 F.3d 1257 (10th Cir. 2010), which held that under a plain language analysis of 42 U.S.C. § 17541, the Bureau is not required to consider good time credits in evaluating eligibility for the elderly offender pilot program.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Thomas S. Hartzell, Tucson, Arizona, for the Petitioner-Appellant.

Bruce M. Ferg (argued), Assistant U.S. Attorney; Christina M. Cabanillas, Appellate Chief; John S. Leonardo, United States Attorney, United States Attorneys' Office, Tucson, Arizona, for Respondent-Appellee.

**OPINION**

BURGESS, District Judge:

Perry A. McCullough brought a habeas petition requesting reconsideration of the Bureau of Prisons' rejection of his application to the Second Chance Act's elderly offenders pilot program, which no longer exists. The district court, considering the merits of the case, denied McCullough's habeas petition. We lack jurisdiction over the instant appeal because it is moot. But, even if we had jurisdiction, McCullough's claim would fail on the merits.

## I. Facts and Procedural History

In July 1990, McCullough was convicted by a jury of drug trafficking offenses and sentenced to 380 months imprisonment. On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199 (the "SCA") was signed into law. The SCA included the "[e]lderly and family reunification for certain nonviolent offenders pilot program," which allowed BOP to remove "eligible elderly offenders" from a BOP facility and place them on home detention. *See* 42 U.S.C.

§ 17541(g)(1). There are several requirements to qualify as an "eligible elderly offender," including that the offender be at least 65 years of age, serving a non-life sentence for a non-violent and non-sex offense crime, and "has served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." *Id.* at § 17541(g)(5).

McCullough applied to the elderly offender pilot program in early 2009, calculating that, if BOP considered his good time credits, he would be eligible for the pilot program in March 2010. BOP declined to consider McCullough's good time credits and denied McCullough's request, finding him ineligible for the pilot program because he would not have served 75 percent of his sentence until March 2013. McCullough internally appealed BOP's decision, exhausting his administrative remedies.

McCullough petitioned *pro se* for habeas relief in the United States District Court for the District of Arizona. In his petition, McCullough's singular request concerned BOP's calculation of whether he had served 75 percent of his sentence. *See* Petition, *McCullough v. Graber* (No. 10-cv-465-FRZ) (No. 1) ("Petitioner is not challenging his conviction or his sentence. He is merely challenging the manner in which that sentence is being administered by the BOP."). On February 8, 2011, a magistrate judge issued a report and recommendation ("R&R"), suggesting the district court deny McCullough's petition for two reasons: (1) McCullough's eligibility for the pilot program was within the sound discretion of BOP; and (2) McCullough was not eligible for the pilot program, as BOP correctly declined to consider good time credits in calculating eligibility. In the R&R, the magistrate judge noted that she agreed with the reasoning in *Izzo v. Wiley*, 620 F.3d 1257, 1260 (10th Cir.

2010), in which the Tenth Circuit concluded that, under a plain language analysis of 42 U.S.C. § 17541, BOP is not required to consider good time credits in evaluating eligibility for the elderly offender pilot program. The district court adopted the R&R.

Meanwhile, in September 2010, the elderly offender pilot program was discontinued. Nevertheless, McCullough timely appealed the district court's order.

On appeal, McCullough argues that BOP miscalculated his time served by refusing to take into account his good time credits. McCullough further argues that his claim is distinguishable from *Izzo*, because McCullough was convicted prior to enactment of the Prisoner Litigation Reform Act ("PLRA"), which affects the way good time credits vest. McCullough acknowledges the termination of the pilot program, but suggests that the court should nevertheless order BOP to recalculate his sentence and consider placing him in home detention. The government responds that McCullough's appeal is moot because the pilot program was discontinued, and that his claim also fails on the merits because eligibility for the pilot program is within BOP's discretion, and because Congress did not intend that BOP consider good time credits in its analysis of eligibility for the pilot program.

## II. Standard of Review and Jurisdiction

This court reviews *de novo* a district court's denial of a petition for writ of habeas corpus. *Serrato v. Clark*, 486 F.3d 560, 565 (9th Cir. 2007). A court lacks jurisdiction, however, when there is no active controversy. *Pub. Util. Comm'n of*

*the State of Cal. v. Fed. Energy Reg. Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996).

## III.    Discussion

### A.  McCullough's Claim is Moot.

A federal court lacks jurisdiction unless there is a "case or controversy" under Article III of the Constitution. *Pub. Util. Comm'n*, 100 F.3d at 1458. This controversy must exist at all stages of the proceedings, including appellate review, "and not simply at the date the action is initiated." *Id*. If a court is unable to render "effective relief," it lacks jurisdiction and must dismiss the appeal. *Id*.; *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'") (citing *Calderon v. Moore*, 518 U.S. 149 (1996)).

The government argues that McCullough's appeal is moot because the pilot program to which he applied was terminated in September 2010. McCullough argues that his appeal is not moot because BOP retains the discretion to place him on home detention or in a residential reentry center ("RRC").[1] We note that McCullough's habeas petition did not request this relief – his petition only requested reevaluation of his eligibility for the pilot program, taking into account his good

---

[1] McCullough makes this argument in his initial *pro se* briefing, but it is not raised in counsel's supplemental briefing. After oral argument, McCullough pro se filed two additional letters that also, in part, addressed this issue. *See* Dkts, 45, 48. Because McCullough is represented by counsel, we decline to consider the letters filed on March 11 and 25, 2013.

time credits.**[2]**  *See* Petition, *McCullough v. Graber* (No. 10-cv-465-FRZ) (No. 1).  After termination of the pilot program, McCullough did not amend his petition.

We conclude that McCullough's appeal is moot.  The relief requested in his habeas petition is no longer available because of the termination of the pilot program.  *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1062–65 (9th Cir. 2007) (dismissing as moot habeas petition after petitioner's deportation where petition "challenged only the length of his detention, as distinguished from the lawfulness of the deportation order").  A request to amend may have been appropriate, but as discussed below, McCullough's claim fails on the merits, as well.  Accordingly, this decision does not foreclose that there may be circumstances under which a habeas petitioner who is denied entry to a program that no longer exists may succeed, but taking into consideration McCullough's limited habeas petition and the unique circumstances presented here, we dismiss his appeal as moot.**[3]**

---

**[2]** *See* U.S.C.S. § 2254, Rule 2, requiring that a petition "specify all the grounds for relief available to the petitioner," as well as "the relief requested."

**[3]** With respect to the mootness argument, the government's opposition brief relies exclusively on *Sierra Club Foundation v. Department of Transportation*, 563 F.3d 897, 898 (9th Cir. 2009).  In *Sierra Club*, the Ninth Circuit held that, because Congress prohibited the funding of a certain type of pilot program, a petition to the court to review a notice of intent to create a program of that type was moot.  *Id*.  The appeal was also moot because the party creating the program had since decided not to create it.  *Sierra Club* is inapposite – that case concerned creation of a program, not admission to a program, and it also did not concern the special circumstances of a habeas petitioner.  In the briefing before this court, neither party discusses any Ninth Circuit cases concerning when a

### B.  McCullough's Claim Fails on the Merits.

McCullough argues that when BOP calculated his eligibility for the pilot program, it improperly failed to take into account his good time credits.  McCullough acknowledges that other courts have analyzed this issue and determined that good time credits do not apply for purposes of determining eligibility for the elderly offender pilot program.  However, he claims that his case is distinguishable because those cases concerned post-PLRA convictions, whereas McCullough was convicted pre-PLRA. McCullough's argument is unpersuasive.

This is a novel issue in the Ninth Circuit, but we agree with the sound reasoning set forth by the Tenth Circuit in *Izzo*, 620 F.3d at 1260–61.  In *Izzo*, the Tenth Circuit applied a plain language analysis of the statute to find that BOP ought not consider good time credits in determining eligibility for the elderly offender pilot program.  *Id.  See also Collins v. Gee W. Seattle LLC*, 631 F.3d 1001, 1004–05 (9th Cir. 2011) ("The starting point for our interpretation of a statute is always its plain language . . . . [W]e may not read a statute's plain language to produce a result contrary to the statute's purpose or lead to unreasonable results.") (quotations and citations omitted).

Section 17541(g)(5) states that, to qualify as an "eligible elderly offender," an inmate must "ha[ve] served the greater

---

habeas petitioner's claim might be moot.  While there is no case directly on point, such habeas cases are more analogous to the case at hand.  *See, e.g.*, *Serrato*, 486 F.3d at 565 (appeal not moot because petitioner "seeks relief in the form of reduction of [petitioner's] supervised release"); *Mujahid*, 413 F.3d at 994–95 (same).

of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5). In *Izzo*, the Tenth Circuit explained:

> [T]he phrase 'term of imprisonment to which the offender was sentenced' unambiguously refers to the term imposed by the sentencing court, without any consideration of good time credit. . . . Congress unambiguously used the phrase 'to which the offender was sentenced' to modify 'term of imprisonment' in § 17541. With this modification clause, the 'term of imprisonment' unmistakably refers to the term imposed by the sentencing court.

620 F.3d at 1260. Other courts have come to the same conclusion, and there are no decisions to the contrary. *See, e.g.*, *Carreras v. U.S. Bureau of Prisons*, 446 F. App'x 514, 515–16 (3d Cir. 2011) ("plain language of the statute unambiguously defines a term of imprisonment as that to which an inmate is sentenced, and does not contemplate inclusion of [good conduct time]"); *Cavanaugh v. Johns*, 459 F. App'x 261, 261–62 (4th Cir. 2011) (affirming district court's order, which found BOP did not err "in refusing to consider [petitioner's] vested good conduct time in calculating his eligibility for the Elderly Offender Home Detention Pilot Program"); *Wright v. Haynes*, 410 F. App'x 262, 264 (11th Cir. 2011) ("term of imprisonment to which the offender was sentenced . . . does not include any good conduct time").

McCullough argues that his pre-PLRA conviction status makes his situation distinct from these cases. This is because, for persons convicted prior to implementation of the PLRA,

good time credits vest at the end of each year.[4]     In comparison, for those convicted post-PLRA, good time credits "vest on the date the prisoner is released from custody." 18 U.S.C. § 3624(b)(2).  However, this does not change the plain language analysis of the SCA, which considers the amount of time to which a prisoner was sentenced, not how much time the prisoner has served, or how much time remains on the prisoner's sentence, either with or without taking into account good time credits.

Furthermore, even if McCullough were eligible for the pilot program, his admission to the program would be at BOP's discretion.  Section 17541(g)(1)(B) clearly states that, under the program, "the Attorney General *may* release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention." *See* 42 U.S.C. § 17541(g)(1)(B) (emphasis added).

For the foregoing reasons, even if McCullough's appeal were not moot, his claim would fail on the merits.

**DISMISSED.**

---

[4] Prior to the 1996 amendments, 18 U.S.C. § 3624 stated:  "A prisoner . . . shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . ."