**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-35270 |
| Plaintiff-Appellee, | D.C. Nos.  3:15-cv-01082-HZ |
| v. | 3:13-cr-00064-HZ-01 |
| CYRUS ANDREW SULLIVAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and ANELLO,** District Judge.

Cyrus Sullivan appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct the sentence he received after he pleaded

guilty to making a threatening communication in violation of 18 U.S.C. § 875(c).

We have jurisdiction under 28 U.S.C. §§ 1291, 2253.  We review *de novo* both a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

district court's denial of a section 2255 motion, and a claim of ineffective assistance of counsel. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012). We affirm.

The district court granted a certificate of appealability ("COA") on the issue of whether Sullivan's trial counsel was ineffective in advising Sullivan to plead guilty to a Superseding Information, which omitted the specific intent element of 18 U.S.C. § 875(c). To prevail on an ineffective assistance of counsel claim, Sullivan must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In order to satisfy the prejudice requirement, Sullivan must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We do not reach the issue of counsel's performance, as Sullivan is unable to demonstrate that he suffered prejudice. *See Strickland*, 466 U.S. at 697 (courts may address the prejudice requirement first "[i]f it is easier to dispose of an ineffectiveness claim on [that] ground"). First, Sullivan argues he suffered prejudice because after pleading guilty, counsel did not file a motion to arrest judgment pursuant to the then-existing Federal Rule of Criminal Procedure 34. Sullivan did not raise this argument in his section 2255 motion, but rather raised it

16-35270

for the first time in his post-judgment motions.  The district court declined to issue a COA regarding Sullivan's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Because Sullivan's Rule 34 argument does not fall within the narrow issue certified by the district court for appeal, this argument is not properly before the Court.  *See United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (holding a COA is required to appeal the denial of a Rule 60(b) motion arising in a section 2255 proceeding).

Second, Sullivan contends he was prejudiced because the Superseding Information did not provide adequate notice of the requisite mental state for the offense to which he pleaded guilty.  The record, however, evidences that Sullivan was repeatedly informed of the elements both before and during the plea hearing and that he "underst[ood] the intent element of the crime to which a plea of guilty [was] entered."  *United States v. Bigman*, 906 F.2d 392, 394 (9th Cir. 1990).  Accordingly, Sullivan has not shown that there is a reasonable probability that, but for his attorney's error, he would not have pleaded guilty and would have insisted on going to trial.  *See Hill*, 474 U.S. at 59.

Sullivan further claims he was entitled to an evidentiary hearing on his section 2255 motion.  We review a district court's denial of a request for an evidentiary hearing for abuse of discretion.  *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013).  We conclude that the district court did not abuse its discretion by

16-35270

denying Sullivan's section 2255 motion without an evidentiary hearing because the pleadings and record conclusively establish that Sullivan is not entitled to relief. *See* 28 U.S.C. § 2255(b).

Finally, Sullivan raises additional arguments that are not included in the COA. "In federal habeas corpus proceedings, the exercise of appellate jurisdiction is dependent entirely upon the issuance of a COA." *United States v. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) (en banc) (quoting *Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004)) (internal quotations and alterations omitted). We may expand the COA, but "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting 28 U.S.C. § 2253(c)(2)). Because Sullivan has not made such a showing, we decline to expand the COA.

**AFFIRMED.**