NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.M.C.B.; et al., | No. 18-35744 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-02150-AC |
| v. | |
| CHAD F. WOLF, Acting Secretary of Homeland Security; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted December 9, 2019
Seattle, Washington

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[**] District Judge.

J.M.C.B. and other plaintiffs (collectively "J.M.C.B.") appeal the district

court's dismissal of their action challenging the denial of their applications to the

now-terminated program known as Deferred Action for Parents of Americans

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

("DAPA"). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

We review de novo a district court's dismissal under Rule 12(b)(1). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007).

We "must be able to grant effective relief," or we lack jurisdiction "and must dismiss the appeal." *Pub. Utils. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). J.M.C.B.'s complaint sought only to enjoin the Department of Homeland Security from rejecting the DAPA applications based on the nationwide injunction issued by the Fifth Circuit. As DAPA was never implemented, such relief is unavailable, and the appeal is moot. *See McCullough v. Graber*, 726 F.3d 1057 (9th Cir. 2013) (affirming district court's denial of habeas petition as moot when requested relief was unavailable because program had been terminated); *see also Calderon v. Moore*, 518 U.S. 149, 150 (1996) ("an appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant" (internal quotations and citation omitted)).

J.M.C.B. also challenges the district court's denial of the motion to join additional parties as moot. Because the motion sought only to add new parties to the existing claim and did not request leave to amend the complaint in any substantive form, the district court did not abuse its discretion in denying the

2

motion as moot. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1076 (9th Cir. 2010). J.M.C.B.'s additional potential claims were not presented to the district court or offered in a proposed amended complaint, but instead were raised for the first time on appeal.

We note that the government acknowledged at oral argument that J.M.C.B. could file a new suit alleging the potential claims referenced on appeal. We take no position as to the merits of those claims.

**AFFIRMED.**