## CALDERON, WARDEN v. MOORE

No. 95–1612.   Decided June 17, 1996

PER CURIAM.

Respondent Charles Edward Moore, Jr., was convicted of first-degree murder in a California state court, and sentenced to death.   The District Court granted habeas relief, concluding that the state court had denied Moore his right to self-representation under *Faretta* v. *California*, 422 U. S. 806 (1975).   The District Court thus vacated the judgment of conviction and ordered the warden, petitioner here, to "release Moore from custody after the expiration of 60 days unless, within 60 days hereof, the State of California grants Moore the right to a new trial."   App. A to Brief in Opposition A65.

The State filed a notice of appeal and sought a stay of the District Court's order pending appeal, but its various stay

applications were respectively denied by the District Court, the Ninth Circuit, 56 F. 3d 39 (1995), and by JUSTICE O'CONNOR, in her capacity as Circuit Justice for the Ninth Circuit. The State accordingly set Moore for retrial, and simultaneously pursued its appeal of the District Court's order on the merits to the Ninth Circuit. The Court of Appeals, observing that the "State of California has granted petitioner Charles Edward Moore, Jr., a new trial," dismissed the State's appeal as moot. App. A to Pet. for Cert.

It is true, of course, that mootness can arise at any stage of litigation, *Steffel* v. *Thompson,* 415 U. S. 452, 459, n. 10 (1974); that federal courts may not "give opinions upon moot questions or abstract propositions," *Mills* v. *Green,* 159 U. S. 651, 653 (1895); and that an appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant "any effectual relief whatever" in favor of the appellant, *ibid.* The available remedy, however, does not need to be "fully satisfactory" to avoid mootness. *Church of Scientology of Cal.* v. *United States,* 506 U. S. 9, 13 (1992). To the contrary, even the availability of a "partial remedy" is "sufficient to prevent [a] case from being moot." *Ibid.*

In this case, to say the least, a "partial remedy" necessary to avoid mootness will be available to the State of California (represented here by petitioner). While the administrative machinery necessary for a new trial has been set in motion, that trial has not yet even begun, let alone reached a point where the court could no longer award any relief in the State's favor. Because a decision in the State's favor would release it from the burden of the new trial itself, the Court of Appeals is not prevented from granting "any effectual relief whatever" in the State's favor, *Mills, supra,* at 653, and the case is clearly not moot. We therefore grant respondent's motion to proceed *in forma pauperis,* grant petition for a writ of certiorari, reverse the judgment of the Court

of Appeals, and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*