**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MCI TELECOMMUNICATIONS
CORPORATION, A DELAWARE
CORPORATION; MCI
TELECOMMUNICATIONS CORPORATION OF
VIRGINIA,
Plaintiffs-Appellees,

v.

STATE CORPORATION COMMISSION OF THE
COMMONWEALTH OF VIRGINIA; HULLIHEN
W. MOORE; I. CLINTON MILLER;
THEODORE V. MORRISON, JR., in their
official capacities as Commissioners of
the Commonwealth of Virginia State
Corporation Commission,
Defendants-Appellants.

No. 98-2026

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-98-284-3)

Argued: April 8, 1999

Decided: May 10, 1999

Before WIDENER and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished opinion. Senior Judge Butzner
wrote the opinion, in which Judge Widener and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Robert A. Dybing, SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellants. Adam Howard Charnes, MCI COMMUNICATIONS CORP., Washington, D.C., for Appellees. **ON BRIEF:** James C. Dimitri, William H. Chambliss, Robert M. Gillespie, Allison Leigh Held, STATE CORPORATION COMMISSION OF VIRGINIA, Richmond, Virginia, for Appellants. Thomas F. O'Neil, III, MCI COMMUNICATIONS CORP., Washington, D.C.; David G. Shuford, LECLAIR RYAN, Richmond, Virginia; Donald B. Verrilli, Jr., JENNER & BLOCK, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

BUTZNER, Senior Circuit Judge:

After the Virginia State Corporation Commission (SCC) issued an order barring MCI Telecommunications Corporation of Virginia (MCIV) from collecting certain charges from customers making intrastate telephone calls, the district court enjoined the SCC from enforcing its order. The SCC appealed. Because all parties now agree that MCIV neither imposed nor collected the charges, we vacate the order of the district court and remand with instructions to dismiss this case as moot.

I

Telecommunication companies doing business in Virginia are regulated under a bipartite structure. The Federal Communications Commission (FCC) regulates interstate telephone service, while the Virginia State Corporation Commission (SCC) oversees intrastate service. See 47 U.S.C. § 152 (1994); Va. Const. art. IX, § 2. Pursuant to this regime, MCI Telecommunications Corporation (MCIT), a Dela-

ware corporation, provides interstate telephone service to customers in Virginia and other states in accordance with a schedule, or tariff, filed with the FCC. MCIT provides intrastate service through a Virginia subsidiary, MCI Telecommunications Corporation of Virginia (MCIV), which operates under a tariff filed with the SCC.

In 1997 and 1998, MCIT amended its FCC tariff to add certain charges, the Federal Universal Service Fee and the National Access Fee, to business customers. This amendment applied to customers in Virginia. The SCC believed that MCIV had imposed the charges on intrastate calls within Virginia, a position that MCIV did not deny until proceedings before the district court. The SCC issued an order enjoining MCIV from collecting the charges, and directing MCIV to return monies already collected. MCIT and MCIV filed suit in federal court seeking an injunction against the SCC order. The district court found upon agreement of the parties that MCIT, not MCIV, had issued and collected the charges, and enjoined enforcement of the SCC order. The SCC filed this appeal.

II

The only question before this court is whether the district court properly enjoined the SCC from enforcing its order. The SCC has initiated a proceeding before the FCC challenging MCIT's imposition of the charges under MCIT's federal tariff. We express no opinion on the merits of that case. Likewise, the Supreme Court of Virginia is holding in abeyance a proceeding initiated by MCIT and MCIV appealing the SCC order.

Federal courts sit only to decide cases or controversies. U.S. Const. art. III, § 2; see Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Id. (internal quotation and citation omitted). Mootness can arise at any stage of litigation. See Calderon v. Moore, 518 U.S. 149, 150 (1996).

The SCC initially found that MCIV had collected the charges at issue. The SCC now agrees that MCIT had imposed and collected the charges, and concedes that its order rests upon a mistake of fact, albeit

3

a justifiable mistake under the circumstances. Since there is no controversy concerning this key fact, there is no jurisdictional ground upon which this court may adjudicate the rights of the litigants. Preiser, 422 U.S. at 401. This case has "lost its character as a present, live controversy" and is moot. Maryland Highways Contractors Ass'n v. State of Maryland, 933 F.2d 1246, 1249 (4th Cir. 1991).

III

Because the SCC order is based upon a mistake of fact, we vacate the order of the district court and remand with instructions to dismiss as moot. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25 (1994) (vacatur is appropriate where mootness occurs in a nonsettlement context); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 71-72 (1997).

VACATED AND REMANDED

4