### Chester C. WESTFALL, Petitioner—Appellant,

v.

### A.J. SANTOS, Superintendent, Oregon State Correctional Institution, Respondent—Appellee.

No. 02–35590.

D.C. No. CV–01–06281–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided Dec. 8, 2003.

Steven T. Wax, FPD, FPDOR–Federal Public Defender's Office (Portland), Portland, OR, for Petitioner–Appellant.

Timothy A. Sylwester, Esq., DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

### MEMORANDUM *

Chester Westfall appeals the dismissal without prejudice of his habeas corpus petition for failure to exhaust state remedies, arguing that the district court erred in not excusing 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirement. Subsequent to oral argument before us, Westfall received a final decision by the Supreme Court of Oregon denying his petition for review. *See Oregon v. Westfall,* No. S50765 (Nov.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

5, 2003). We therefore dismiss Westfall's appeal as moot. *See Calderon v. Moore,* 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996) (per curiam) ("[A]n appeal should … be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.") (quotation marks and citation omitted).

Among the issues we do not decide is whether the apparently accelerated proceedings in Oregon's appellate courts subsequent to the filing of this appeal caused Westfall's counsel to fail to raise potentially meritorious claims before the Oregon Court of Appeals. Such failure, if proven in post-conviction proceedings, could constitute ineffective assistance of counsel. *See United States v. Skurdal,* 341 F.3d 921, 925 (9th Cir.2003) ("[I]f the record shows that an appellate counsel's performance fell below the standard of competency of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), … [appellant] has demonstrated cause for his procedural default.").

Similarly, we do not decide any other constitutional claims concerning the asserted delay in processing Westfall's state court appeal but leave such claims for consideration in post-conviction proceedings as well. The claims can also, if necessary, be considered in a later federal habeas petition, should they be properly exhausted and not procedurally defaulted.

DISMISSED.