Coy Ray PHELPS, Petitioner—Appellant,

v.

UNITED STATES of America, Respondent—Appellee.

No. 02–16834, 02–17228.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 26, 2004.

Coy Ray Phelps, Butner, NC, pro se.

Hannah Horsley, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Coy Ray Phelps appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his arrest and rehospitalization for violating conditions of release. The district court correctly dismissed the petition on the ground that this court's decision in *United States v. Phelps*, 283 F.3d 1176 (9th Cir.2002), renders this appeal moot. This court previously held that Phelps was improperly conditionally released from being hospitalized, following an acquittal by reason of insanity of charges stemming from possession, manufacture and placement of pipe bombs. *Id.* at 1178. Upon remand, the district court rehospitalized Phelps as instructed by this court. Phelps is not currently hospitalized pursuant to his arrest for violating conditions of supervision. Phelps' challenges to his arrest for violating conditions of supervision therefore no longer present a live case or controversy, because his arrest has no bearing on his current state of being hospitalized pursuant to this court's instructions. *See United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.2001) (stating that a case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III of the U.S. Constitution); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (recognizing that case-or-controversy provision in Article III requires that throughout the litigation, the claimant must have suffered, or be threatened with, an actual injury traceable to the defendant likely to be redressed by a favorable judicial decision); *Calderon v. Moore*, 518 U.S. 149, 150, 116

S.Ct. 2066, 135 L.Ed.2d 453 (1996) (per curiam) (holding that "an appeal should ... be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant").

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

