NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0463n.06

No. 08-3770

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 08, 2011*

LEONARD GREEN, Clerk

NASER DAR EGHRAYYEB,                           )
                                              )
            Petitioner-Appellant,              )
                                              )
v.                                             )   ON APPEAL FROM THE UNITED
                                              )   STATES DISTRICT COURT FOR THE
FEDERAL BUREAU OF PRISONS,                      )   NORTHERN DISTRICT OF OHIO
                                              )
            Respondent-Appellee.               )

Before: DAUGHTREY, MOORE, and STRANCH, Circuit Judges.

**PER CURIAM.**   The petitioner, Naser Dar Eghrayyeb, filed this appeal from the

district court's order denying his *pro se* habeas petition, filed pursuant to 28 U.S.C. § 2241,

in which the petitioner claimed that his rights were violated when he was classified as an

inmate presenting special needs for management and that he is entitled to relief under the

Privacy Act, 5 U.S.C. § 552(a), despite the fact that BOP records are exempt from the Act.

The district court found that there was no constitutional violation alleged or established and

dismissed the petition.

Petitioner Eghrayyeb filed a notice of appeal on June 20, 2008, and a brief in this

court on April 20, 2009.  However, he was released from federal prison on December 18,

2009.  Given the nature of his claims and the fact that he is no longer incarcerated, we

would be unable to supply a remedy, even if we found that the claims had merit.  It thus

appears that the appeal is moot and, therefore, that we lack jurisdiction to review it.  *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam).  Eghrayyeb's asserted "collateral consequence," that the BOP's classification of Eghrayyeb as a terrorist would subject him to torture and disparaging treatment, does not permit review because it is based not on proof of a "concrete and continuing injury," *Spencer v Kemna*, 523 U.S. 1, 7 (1998), but on mere speculation.

For these reasons, the case is REMANDED to the district court with directions to vacate the judgment and dismiss the petition.