**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TIMOTHY J. SEEBOTH,
            *Petitioner-Appellant,*

                v.

STEPHEN MAYBERG, Director
D.M.H.; NORMAN KRAMER,
Executive Director C.S.H.;
ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA,
            *Respondents-Appellees.*

No. 09-15330

D.C. No.
2:08-cv-00287-
JAM-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
August 8, 2011—San Francisco, California

Filed October 27, 2011

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

19591

**COUNSEL**

Quin Denvir, Davis, California, for petitioner-appellant Timothy J. Seeboth.

Kamala D. Harris, Attorney General of California, Michael P. Farrell, Senior Assistant Attorney General, Brian G. Smiley, Supervising Deputy Attorney General, and Tami M. Krenzin, Deputy Attorney General, Sacramento, California, for the respondents-appellees.

## OPINION

BEA, Circuit Judge:

Petitioner-Appellant Timothy Seeboth appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we dismiss the appeal as moot.

## I.   Factual and Procedural Background

Over the course of more than 30 years, Seeboth was convicted nine times for crimes involving deviant sexual acts with children. Based on his convictions, Seeboth was first determined to be a sexually violent predator ("SVP") in 1997 in a civil jury trial proceeding. *See* Sexually Violent Predators Act ("SVPA") (codified at Cal. Welf. & Inst. Code §§ 6600-6609.3). He was held for consecutive two-year terms from 1997 until 2005, which terms are not challenged in this appeal.[1] While Seeboth was still in custody for the 2003-05 term, the California District Attorney filed a petition in May 2005 to extend Seeboth's commitment from the end of that 2003-05 term.

After a series of unsuccessful appeals and postconviction procedures in the California courts, Seeboth filed a federal

---

[1]Seeboth does not challenge the 1997-2001 commitment terms. He also concedes that the 2001-05 terms are procedurally defaulted because his challenges to them should have been brought on direct appeal and thus were properly denied in state habeas proceedings.

habeas petition on February 7, 2008. The district court denied his habeas petition, and Seeboth appealed to this court.

During the course of these proceedings, California adopted Proposition 83 in November 2006; Proposition 83 changed the commitment term for SVPs from renewable two-year periods to an indeterminate period. The California Court of Appeal then held that pending petitions for two-year term extensions would be considered petitions for indefinite terms. *See Bourquez v. Superior Court*, 68 Cal. Rptr. 3d 142, 144 (Ct. App. 2007). Therefore, when Seeboth finally received his trial on the 2005 petition in September 2010, once the jury found Seeboth to be an SVP the trial court ordered him committed for an indefinite term. Seeboth is currently in custody pursuant to that commitment order.

## II.  Mootness

**[1]** Seeboth contends that his federal due process rights were violated because he was held under the SVPA from 2005 until the present and did not receive a trial until 2010. However, Seeboth was tried in September 2010 and committed for an indeterminate term based on the recommitment petition filed in May 2005. Under the SVPA, a recommitment petition must be filed when the individual is in lawful custody. *People v. Badura*, 116 Cal. Rptr. 2d. 336, 341 (Ct. App. 2002). The petition for Seeboth's recommitment was filed while he was in custody pursuant to his 2003-05 commitment term, which is no longer challenged in this appeal.

**[2]** Except for the requirement that a petition be filed while the individual is in lawful custody, "[e]ach [SVPA civil] confinement term is based on a distinct proceeding, which requires a fresh determination of the confinee's mental health and a new finding that he is a sexually violent predator." *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1072 (9th Cir. 2005) (citation omitted). Because the only relief Seeboth seeks is release from custody, and because Seeboth is

now in civil commitment for an indeterminate term based on a proceeding that was legitimately commenced and the result of which is not challenged in this appeal, this appeal is moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) ("[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant[.]" (internal quotation marks omitted)).[2]

DISMISSED.

---

[2]Our holding that the present appeal is moot does not resolve, on the merits, the question whether the delay in affording Petitioner a jury trial violated his due process rights. Petitioner has challenged the validity of the 2010 jury proceedings, and the subsequent indeterminate commitment, in a separate proceeding that remains pending.