13-4206(L), 13-4263(L)
CFTC v. Parnon Energy Inc., Ardizzone v. Castleton Commodities International LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

U.S. COMMODITY FUTURES TRADING
COMMISSION,

> *Plaintiff-Appellee*,

> v.                                        Nos. 13-4206(L), 13-4323(con)

PARNON ENERGY INC., ARCADIA PETROLEUM
LTD., ARCADIA ENERGY (SUISSE) SA, NICHOLAS
J. WILDGOOSE, JAMES T. DYER,

> *Defendants-Appellees*.

> v.

CASTLETON COMMODITIES INTERNATIONAL LLC,
VITOL, INC., VITOL CAPITAL MANAGEMENT LTD.,

PLAINS ALL AMERICAN PIPELINE, LP, MORGAN STANLEY CAPITAL GROUP, INC., SHELL OIL COMPANY,

    *Appellants.*

---

STEPHEN E. ARDIZZONE, ADAM HABER, SMW TRADING CO., EDWARD BERNSTEIN, CHRISTOPHER T. COURTIOL, AKA CHRISTOPHER R. COURTIOL, ADAMS AFFILIATES, INC., TODD KRAMER, JOSEPH G. LOZA, JOHN J. LOSORDO, JR., DAVID SEIDNER, FTC CAPITAL GMBH, CERVINO CAPITAL MANAGEMENT LLC, ANNAMARIA STEARDO, GREGORY GALAN, AIS FUTURES FUND II L.P., AIS FUTURES FUND III L.P., AIS FUTURES FUND IV L.P., AIS FUTURES FUND L.P. (3X-6X), AIS FUTURES MANAGEMENT, LLC, DCM ENERGY LLC, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

    *Plaintiffs-Appellees,*

       v.                    Nos. 13-4263(L), 13-4447(con)

PARNON ENERGY INC., ARCADIA PETROLEUM LTD., ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE, JAMES T. DYER,

    *Defendants-Appellees*,

       v.

CASTLETON COMMODITIES INTERNATIONAL LLC, VITOL, INC., VITOL CAPITAL MANAGEMENT LTD., PLAINS ALL AMERICAN PIPELINE, LP, MORGAN STANLEY CAPITAL GROUP, INC., SHELL OIL COMPANY,

    *Objectors-Appellants.*[*]

---

[*] The clerk is directed to amend the caption as set forth above.

2

For Appellant Castleton Commodities
International LLC:

     Peter Ligh, Sutherland Asbill & Brennan LLP,
     New York, NY.

For Appellants Vitol, Inc. and Vitol
Capital Management Ltd.:

     KEITH J. BARNETT (David P. Langlois, *on the
     brief*), Sutherland Asbill & Brennan LLP, New
     York, NY, and Atlanta, GA.

For Appellant Plains All American
Pipeline, LP:

     HILARY L. PRESTON (Armita S. Cohen and Eric
     A. White, *on the brief*), Vinson & Elkins LLP,
     New York, NY, and Washington, DC.

For Appellants Morgan Stanley Capital
Group, Inc. and Shell Oil Company:

     Anthony M. Mansfield and Joshua L. Shapiro,
     Cadwalader, Wickersham & Taft LLP, New
     York, NY, and Washington, DC.

For Plaintiff-Appellee U.S. Commodity
Futures Trading Commission:

     MELISSA CHIANG (Jonathan L. Marcus, General
     Counsel, and Robert A. Schwartz, Deputy
     General Counsel, *on the brief*), Commodity
     Futures Trading Commission, Washington, DC.

For Plaintiffs-Appellees Stephen E.
Ardizzone et al.:

     WARREN T. BURNS, Susman Godfrey LLP,
     Dallas, TX (Christopher Lovell, Lovell Stewart
     Halebian Jacobson LLP, New York, NY, *on the
     brief*).

For Defendants-Appellees:

     ELIZABETH M. BRADSHAW (Timothy J. Carey,
     *on the brief*), Winston & Strawn LLP, Chicago,
     IL.

Appeals from the United States District Court for the Southern District of New York
(Pauley, *J.*).

     **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the orders of the district court are **AFFIRMED**.

     Appellants Castleton Commodities International LLC, Vitol, Inc., Vitol Capital

Management Ltd., Plains All American Pipeline, LP, Morgan Stanley Capital Group, Inc., and Shell Oil Company appeal from two orders entered on October 25, 2013 by the U.S. District Court for the Southern District of New York (Pauley, *J.*). The orders were entered in two parallel suits against Defendants-Appellees Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer, one an enforcement action filed by Plaintiff-Appellee the U.S. Commodity Futures Trading Commission (the "CFTC"), and the other a class action filed by Plaintiff-Appellee Stephen E. Ardizzone and others (the "Class Plaintiffs"). Both suits allege that the Defendants engaged in an unlawful scheme to manipulate the price of light sweet crude oil futures in late 2007 and early 2008. In the orders under review, the district court allowed the Defendants to produce to the Class Plaintiffs large numbers of confidential business documents that the Appellants had previously produced to the CFTC as part of a nationwide investigation into possible manipulation of crude oil prices, and that the CFTC in turn had produced to the Defendants in the enforcement action. The court conditioned its discovery orders on the parties' entry of modified protective orders making more stringent the safeguards governing the parties' review of the documents. The Appellants challenge these discovery orders on grounds of relevance and confidentiality. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Before turning to the merits, we must first address our jurisdiction to review these pretrial discovery orders, which were not final when the notices of appeal were filed. *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b). Generally, "[a] party that seeks to present an objection to a discovery order immediately to a court of appeals must refuse compliance, be held in contempt, and then appeal the contempt order." *Church of Scientology of California v. United States*, 506

4

U.S. 9, 18 n.11 (1992). "[U]nder the so-called *Perlman* doctrine," however, "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Id.* (citing *Perlman v. United States*, 247 U.S. 7 (1918)). Here, the district court's orders are directed not to the Appellants but to the Defendants, who, although parties to the litigation, have no interest in risking contempt on the Appellants' behalf and in fact have already turned over the documents in question to the Class Plaintiffs. The district court's orders are therefore final and appealable under the *Perlman* doctrine.

With regard to the appeal from the order in the CFTC action, we note that we also have appellate jurisdiction under ordinary finality principles. On August 4, 2014, the district court entered a final consent order in the CFTC action, and although the clerk has not entered final judgment, the order leaves no doubt that all claims and defenses have been fully and finally resolved and that all prior decisions in the case are now final. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387 (1978) (per curiam). In addition, while the notices of appeal were filed before the discovery order was rendered final, "'[i]n the absence of prejudice to the nonappealing party, this Court . . . has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality.'" *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002) (per curiam) (ellipsis in original) (quoting *Leonhard v. United States*, 633 F.2d 599, 611 (2d Cir. 1980)).

We must also address the suggestions by the Class Plaintiffs and the CFTC that these appeals are moot. A dispute is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518

5

U.S. 149, 150 (1996) (internal quotation marks omitted). Here, the Class Plaintiffs point out that both they and the Defendants already possess the documents in question and have begun reviewing them. But these changed circumstances do not prevent us from ordering meaningful relief. As the Appellants point out, we may order the return of any irrelevant or unreviewed documents, or limit their use in court, for example. For its part, the CFTC argues that because the CFTC action has now settled, any order that might be entered in that action would be of no effect. But under the terms of the amended protective order entered in the CFTC action following the settlement, the Defendants remain in possession of the Appellants' documents. Were we to conclude that the Defendants hold those documents in violation of the Appellants' rights to protect their confidential information, we could grant the Appellants at least partial relief by ordering the Defendants to return or destroy the documents, *see Church of Scientology*, 506 U.S. at 12 ("Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have the power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession."). We accordingly conclude that neither appeal is moot.

Turning to the merits, district courts "enjoy[] wide discretion in [their] handling of pre-trial discovery," and "[w]e will reverse a district court's discovery ruling only upon a clear showing of an abuse of discretion." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a

6

clearly erroneous factual finding—cannot be located within the range of permissible decisions."

*Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

The Appellants first argue that the documents in question have not been shown to be relevant. Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance to the subject matter under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In this case, the Defendants served requests on the CFTC seeking documents referring or relating to the Defendants, and the CFTC, based on its limited resources, conducted a relevance review using sampling techniques and date ranges to identify responsive records. The district court then found that the documents the CFTC produced were relevant to the class action, even where they included the Defendants' internal communications and financial reports, records from outside the period of the Defendants' alleged scheme, and documents regarding other grades of oil. The court reasoned that such documents could shed light on the perceptions and reactions of other market participants to the alleged manipulation, provide a benchmark for the behavior of a non-manipulated market, and inform an analysis of the scope of the pertinent market. We see no abuse of discretion in these determinations. In addition, while the Appellants

fault the CFTC, the Class Plaintiffs, and the district court for failing to conduct a more particularized relevance analysis, the Appellants cite no authority requiring particularized relevance determinations, and the text of Rule 26 is to the contrary. *See* Fed. R. Civ. P. 26(b)(1) (requiring only that discovery be "*reasonably calculated* to lead to the discovery of admissible evidence" (emphasis added)).

In the alternative, the Appellants argue that any relevance the documents may have had is outweighed by the Appellants' strong interest in maintaining the privacy of their confidential business records. Under Rule 26(c), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1), (c)(1)(G). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The district court here carefully considered the Appellants' interest in confidentiality, and in fact strengthened the already stringent requirements of the protective orders in both cases in response to the Appellants' concerns. We find no abuse of discretion in the district court's determination that the strengthened protective orders—which closely limit the individuals who can view highly confidential documents—adequately protect the Appellants' confidentiality.

The Appellants also raise broader policy concerns regarding the district court's orders, contending that they will chill third parties like the Appellants from cooperating with government investigations. But the CFTC here provided notice when it first sought the

Appellants' documents that whatever the Appellants turned over would be subject to "routine uses," including use in litigation and disclosure in response to a subpoena. Br. for CFTC, add. at 2–3. Moreover, the Appellants' policy concerns were considered and rejected not only by the district court but also by the CFTC, both of whom are better situated than we are to weigh concerns about cooperation with future government investigations against other relevant considerations. Again, we see no abuse of discretion.[**]

We have considered all of the Appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[**] Nevertheless, we note that agencies like the CFTC would be well advised to provide advance notice to third parties like the Appellants whose documents the agency intends to disclose in response to a discovery request. Advance notice will enable parties and district courts to address any issues attendant to production on the front end, before third-party documents are disclosed outside the agency. Indeed, although the Appellants do not raise the issue, advance notice is statutorily required where the agency discloses information in response to a subpoena or summons. *See* 7 U.S.C. § 12(f) (providing that the CFTC "shall disclose information in its possession pursuant to a subpoena or summons only if," at least fourteen days before disclosure, the agency mails a copy of the subpoena or summons "to the last known home or business address of the person who submitted the information" or "provides other appropriate notice of the subpoena or summons to such person").

9