NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**R. WAYNE JOHNSON,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5102

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00294-NBF, Senior Judge Eric G. Bruggink.

---

Decided:  January 13, 2015

---

R. WAYNE JOHNSON, of Amarillo, Texas, pro se.

CHRISTOPHER KEITH WIMBUSH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

PER CURIAM.

R. Wayne Johnson ("Johnson") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") denying his motion for a writ of mandamus or, in the alternative, an injunction. *See Johnson v. United States*, No. 14-294C (Fed. Cl. May 30, 2014) ("*Order*"). Because we find that the issues raised in this appeal are moot, we *dismiss*.

## I

Johnson is a prisoner at a Texas state correctional facility with an extensive history of filing frivolous complaints and appeals. *See, e.g.*, *Johnson v. Whatley*, 73 F. App'x 79 (5th Cir. 2003) (finding four instances of Johnson filing frivolous complaints or appeals).

In the appeal before us, Johnson filed a motion in the Claims Court for a writ of mandamus or, in the alternative, an injunction, prohibiting: (1) representatives of the Department of Veterans Affairs from engaging in the unauthorized practice of law relating to his claim for veterans disability benefits and (2) officials at the prison where he is incarcerated from unlawfully opening his mail. Johnson also questioned whether he is entitled to court-appointed counsel and whether the judge should recuse herself due to bias. The court denied Johnson's motion because it lacked jurisdiction to grant any of the relief sought. *Order* at 1. Johnson appealed to this court.

## II

After Johnson appealed to this court, he filed a Motion for Summary Judgment in an earlier-filed case pending in the Claims Court. In response, the court entered an order dismissing the complaint in that case without prejudice under 28 U.S.C. § 1915(g). That statute provides that "a prisoner proceeding *in forma pauperis* may not bring a civil action in federal court if, while incarcerated, three or more of his actions or appeals were dismissed as frivolous

or malicious, or for failure to state a claim upon which relief may be granted." *See Johnson v. United States*, No. 14-294C (Fed. Cl. Aug. 5, 2014). The court found that Johnson, applying to proceed *in forma pauperis*, had far-exceeded the "three-strike" limit prior to his filing in this case. *Id.* As a result, the court dismissed Johnson's complaint without prejudice under § 1915(g), subject to reopening if he paid the filing fee within 30 days. *Id.* Johnson did not pay the filing fee.

## III

As a result of the intervening dismissal of the underlying complaint by the Claims Court, the government now moves to dismiss this appeal from the denial of the motion for a writ of mandamus as moot. It is that denial, rather than the § 1915(g) dismissal of Johnson's basic complaint that is before us. The government argues that the issues on appeal cannot restore the complaint at the Claims Court, as the complaint was dismissed on entirely independent and controlling grounds after the current appeal was filed.

We agree with the government that we do not have jurisdiction to hear this appeal, as the issues raised are moot. "[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation and internal quotations omitted). After Johnson filed an appeal from the denial of his motion for a writ of mandamus, the Claims Court dismissed his complaint under § 1915(g) for having previously exceeded the statute's "three-strike" limit. Thus, because the underlying complaint in this appeal was subsequently dismissed on both independent and controlling grounds, we have no basis for granting any effectual relief. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented

are no longer 'live.'")  Accordingly, we grant the government's motion and dismiss the appeal as moot.

**DISMISSED**