[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14109
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00566-WS-N


DRAPER FRANK WOODYARD,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS,
TONY PATTERSON,
JESSE WALTER BISHOP,
GWENDOLYN GIVENS,
RONZELLA HOWARD,
DAVID LEGGETT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 2, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Draper Frank Woodyard, proceeding pro se, appeals the district court's denial of his motion for a preliminary injunction.  Woodyard filed a lawsuit under 42 U.S.C. § 1983 alleging violations of his First and Eighth Amendment rights. He asserted that another inmate stabbed him seven times, almost severing two of his fingers, while a prison guard stood idly by.  He also alleged that other prison officials placed him in the "segregation unit" at the prison in retaliation for complaining about the attack.  Woodyard moved for a preliminary injunction ordering the defendants to:  (1) separate him from his alleged attacker; and (2) remove him from the segregation unit.  A magistrate judge issued a report recommending the denial of his motion.  The district court adopted that report and recommendation over Woodyard's objection.  He now appeals the denial of his motion.[1]

We generally have jurisdiction to review orders denying preliminary injunctions, see 28 U.S.C. § 1292(a)(1), but the defendants contend that we must dismiss Woodyard's appeal because it is moot.  Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1309 (11th Cir. 2011)

---

[1] Since the filing of this appeal, the district court has granted summary judgment to the defendants on all of Woodyard's claims but one:  the claim against the officer who allegedly failed to stop the attack on Woodyard.  The district court has appointed counsel for Woodyard and scheduled a bench trial on this claim.

(explaining that we do not have subject matter jurisdiction over a moot appeal). We consider mootness de novo.  Id.  In his motion, Woodyard asked the district court to order his separation from his alleged attacker.  After the denial of that motion, the alleged attacker was transferred to a different prison.  No court should order defendants to do what has already been done.  This first part of Woodyard's appeal is moot and must be dismissed.  See Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067 (1996) ("[A]n appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.") (citation omitted) (quotation marks omitted).

The transfer of Woodyard's alleged attacker, however, does not moot the other part of this appeal, in which he contends that he should be removed from the segregation unit.  We review only for an abuse of discretion the district court's denial of a preliminary injunction ordering Woodyard's removal from segregation. See Scott v. Roberts, 612 F.3d 1279, 1289 (11th Cir. 2010).  To the extent that denial relied on findings of fact, we review them only for clear error.  See id. Woodyard was entitled to a preliminary injunction only if he showed:  (1) "a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [him] outweighs whatever damage the proposed injunction may cause the [defendants]; and (4) if

3

issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Woodyard must clearly establish each of the four factors, and the failure to show any of them is fatal to his appeal. See ACLU of Fla., Inc. v. Miami-Dade Cnty. School Bd., 557 F.3d 1177, 1198 (11th Cir. 2009).

We begin and end with the first: whether Woodyard has clearly established a substantial likelihood of success on the merits of his claim. He alleges that the defendants placed him in the segregation unit in retaliation for complaining about the alleged attack. Retaliating against a prisoner by punishing him for filing a grievance concerning the conditions of his confinement violates the First Amendment. See Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). Woodyard asserts that he was found "not guilty" of fighting with the other inmate who attacked him, and the defendants placed him in the segregation unit as a retaliatory punishment. A disciplinary report in the record agrees that he was found "not guilty" of "fighting with a weapon." It goes on to show, however, that prison officials found Woodyard "guilty" of a different offense:

> Woodyard was found not guilty of the fighting with a weapon disciplinary due to his wounds were considered defensive [sic], however through investigation it was determined that inmate Woodyard initiated the confrontation by approaching the other inmate with a knife trying to collect money.

4

R. 232 (emphasis added).  Based on that evidence, Woodyard has not clearly established a substantial likelihood of success as to his retaliation claim.  The district court did not abuse its discretion by denying his request for a preliminary injunction.

**DISMISSED IN PART; AFFIRMED IN PART.**[2]

---

[2] Woodyard's motion to file his reply brief out of time is GRANTED.