**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2014
Decided August 13, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1265

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 755-28 |
| JESUS MIRANDA-CAMARENA, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Jesus Miranda-Camarena appealed his 34-month, within-guidelines sentence for drug trafficking as procedurally and substantively unreasonable. While the appeal was pending, he completed his term of imprisonment and was removed to Mexico. His lawyer and the government now contend that this appeal is moot, and we agree.

Miranda-Camarena pleaded guilty to possessing with intent to distribute cocaine as part of a large cocaine-trafficking organization in Chicago. *See* 21 U.S.C. § 841(a)(1). The district court rejected Miranda-Camarena's request for a below-guidelines sentence,

observing that his drug sales had contributed to the "misery" in neighborhoods affected by drug trafficking.

Miranda-Camarena appealed, challenging the length of his sentence and arguing that the district court did not consider any of his mitigating arguments. After we heard oral argument in this appeal, the Bureau of Prisons released Miranda-Camarena, and his lawyer notified us that he had been removed to Mexico. Counsel for Miranda-Camarena and the government now assert that this appeal is moot, and we agree that the appeal must be dismissed. Because Miranda-Camarena has completed his prison term and been removed to Mexico, we cannot grant him any effective relief. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *United States v. Ramer*, 787 F.3d 837, 839 (7th Cir. 2015). Having served his sentence, he cannot show any "concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction" to maintain jurisdiction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see Eichwedel v. Curry*, 700 F.3d 275, 278–79 (7th Cir. 2012). Although the length of his sentence could potentially be used to increase a sentence in a future criminal proceeding in the United States, that possibility is insufficient to overcome mootness, *see Spencer*, 523 U.S. at 15, and in any event, Miranda-Camarena has not made that argument.

The appeal is DISMISSED.