SRINIVASAN, Circuit Judge,
concurring in part and dissenting in part:
For the reasons well explained by my colleagues, appellant’s claim under the Administrative Procedure Act fails because the statute precludes judicial review of “military authority exercised in the field in time of war.” 5 U.S.C. § 701(b)(1)(G). That provision applies to appellant’s APA claim, and I fully concur in the court’s decision with regard to that claim. I believe, however, that appellant also raises a First Amendment retaliation claim, and that claim, in my view, is not moot. I therefore respectfully dissent from the court’s affirmance of the dismissal of appellant’s constitutional claim.
Count one of appellant’s complaint, as the court observes, ante at 7, alleges that defendants unconstitutionally terminated his embed status in retaliation for his protected First Amendment activity. That claim might ultimately fail on the merits for a variety of reasons. But the sole question at this stage is whether the claim should be dismissed at the outset of the case. I believe it should survive dismissal and would remand it to the district court for further proceedings.
Sovereign immunity poses no obstacle to appellant’s First Amendment claim. Ante at 7-8, 9-10. Appellant’s briefing on appeal specifies that he seeks only equitable relief (not damages). And as we have explained, “[i]t is well-established that sovereign immunity does not bar suits for specific relief against government officials where the challenged actions of the officials are alleged to be unconstitutional.” Clark v. Library of Congress, 750 F.2d 89, 102 (D.C.Cir.1984).
To the extent my colleagues believe that appellant, based on his complaint’s prayer for relief, raises only a Fifth Amendment due process claim rather than a First Amendment claim, ante at 9, I read the complaint differently. The complaint was drafted by a pro se plaintiff, and count one speaks in the language of a First Amendment retaliation claim, alleging that defendants “caused the termination of [appellant’s] journalist-embed status without just cause of his constitutionally protected speech.” J.A 19. Even assuming the *12 precise language of a complaint’s prayer for relief could in theory annul a claim raised in the body of the complaint, I do not understand the complaint’s prayer to do so. Rather, in addition to a general plea for the grant of any relief the court deems appropriate, J.A; 23, the prayer seeks, among other things, “a declaratory judgment” that the defendants “violated the First and Fifth Amendments.” J.A. 22. That language, by specifically referring to the First Amendment, reinforces the First Amendment retaliation claim raised in count one.
In my view,- moreover, appellant’s First Amendment retaliation claim has not been mooted by the drawdown of military operations in Afghanistan. It may have become more difficult for reporters to embed in Afghanistan, but there is no showing that it has become “impossible.” Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). It is true that NATO, a non-party to this case, administers the embed program; but the prior mission was also led by NATO, leaving it unclear — at least at this stage of the proceedings — whether the current embed requirements mark a significant change from prior procedures. Even if there is no guarantee that appellant would be reinstated if he were to prevail, “the availability of a partial remedy is sufficient to prevent [a] case from being moot.” Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996) (internal quotation marks omitted). The government, which bears the burden of demonstrating mootness, has not shown that the transition to a NATO-led mission has made it impossible for the court to provide any relief bearing on a United States journalist’s ability to embed.
Appellant also seeks declaratory relief. He may be able to reapply to the embed program, but the order terminating his embed status remains in effect. That order “memorializes judgments” about him— namely, that he violated the ISAF Ground Rules — that inflict ongoing personal and professional harm. Foretich v. United States, 351 F.3d 1198, 1215 (D.C.Cir.2003). A declaratory judgment pronouncing the defendants’ actions unconstitutional could help restore appellant’s reputation and status in the journalistic community, potentially affecting his ability to obtain employment. The harm appellant alleges is therefore not a “lingering effect of an otherwise moot government action,” id. at 1213, but rather is the primary and continuing effect of an unretracted termination order. See McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders, 264 F.3d 52, 57 (D.C.Cir.2001).
For those reasons, I would conclude that appellant’s First Amendment retaliation claim survives dismissal and should be remanded to the district court for further proceedings.