18-2797
Best v. Barbarotta

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> GERARD E. LYNCH,
> > *Circuit Judge,*
> LEWIS A. KAPLAN,*
> > *District Judge.*

---

Hilary Best,

> *Plaintiff-Appellant,*

> v.                                                                18-2797

Ann Marie Barbarotta, Yevgeniy Khaldarov, Dr. Ma Lourdes Gonzalez, Dr. Philip Ninan,

> *Defendants-Appellees,*

Jennifer Schecter, Kevin Rooney, Michael Hogan, Dr. Myles Schneider, Ankur Saraiya, Kristin M. Woodlock,

> *Defendants.***

---

\*Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

\*\*The Clerk's Office is directed to amend the caption as reflected above.

FOR PLAINTIFF-APPELLANT:                          Hilary Best, pro se, Forest
                                                  Hills, NY.

FOR DEFENDANTS-APPELLEES:                         David Lawrence, III,
                                                  Assistant Solicitor General,
                                                  New York State Office of the
                                                  Attorney General, New York,
                                                  NY.


Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*; Gold, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Hilary Best, proceeding pro se, appeals the district court's order denying his motion to strike a provision of a stipulation of settlement and dismissal, which the district court construed as a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Best sought to strike a provision of the stipulation stating that the defendants would report the settlement amount to the Internal Revenue Service on a 1099 tax form.   Defendants have now submitted the 1099 form in question, and accordingly argue that this appeal is moot.   An appeal becomes moot "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam).[1] "The available remedy, however, does not need to be fully satisfactory to avoid mootness . . . . To the contrary, even the availability of a partial remedy is sufficient to prevent [a]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, emphases and citations.

case from being moot." *Id.* Therefore, while merely striking the 1099 language from the stipulation would be of little practical import at this point, as the district court treated Best's motion more broadly as a Rule 60(b) motion for relief from final judgment, relief could still be granted.

This Court reviews the denial of Rule 60(b) motions for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence[.]" *Id.* Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Rule 60(b) allows vacatur of an order based on "mistake, inadvertence, surprise, or excusable neglect" or "fraud. . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1) and (3).

Here, an independent review of the record and relevant case law reveals that the district court did not abuse its discretion in denying Best's motion. We affirm for substantially the reasons stated by the district court in its thorough August 20, 2018 decision. Specifically, the district court's factual conclusions—that Best had ample time to consider the terms of the stipulation, the magistrate judge did not influence or pressure Best to settle, and the defendants did not commit fraud or misrepresent the law concerning the 1099 provision or any other aspect of the stipulation—are not clearly erroneous and are instead amply supported by the record. Ultimately, Best did not demonstrate any "exceptional circumstances" warranting relief. *Ruotolo*, 514 F.3d at 191.[2]

---

[2] Best also argues that the district court erred in not deciding his subsequent request to vacate the settlement in its entirety. That argument fails for two reasons. First, Best did not raise

Finally, Best's argument that the stipulation violated Rule 41 because the defendants, not the plaintiff, dismissed the action—raised for the first time on appeal—is meritless. The stipulation that Best signed clearly states: "Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff hereby dismisses this Action against Defendants with prejudice[.]" Best's argument that the stipulation was pursuant to the defendants' terms (and not Best's) is belied by the record, which shows that Best successfully objected to several of the defendants' proposed terms.

We have considered all of Best's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

this issue below until his reply brief; the district court thus was not required to address it. Second, Best's failure to establish any "exceptional circumstances" in his case would defeat a motion to vacate in any event.