NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10305 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00063-MMD-VPC-1 |
| v. | |
| CIRILO VIRAMONTES-RUIZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submission Deferred July 10, 2018
Submitted August 13, 2021**
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,*** District
Judge.

In 2017, Defendant Cirilo Viramontes-Ruiz appealed his sentence of twelve

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

months' imprisonment and three years of supervised release for being in the United States unlawfully, in violation of 8 U.S.C. § 1326(a). Because his appeal of the Nevada district court's judgment raised novel questions of Nevada law, we deferred submission until resolution of United States v. Figueroa-Beltran, 995 F.3d 724 (9th Cir. 2021), which addressed related issues. But intervening years that were required to resolve Figueroa-Beltran have mooted Defendant's case, and we dismiss.

The district court in Nevada apportioned its custodial sentence such that the first six months ran concurrently with Defendant's state sentence, while the second six months ran consecutively. Yet, upon his release from state prison in September 2018, Defendant was not transferred to federal prison but instead was deported to Mexico. Defendant reentered the United States and, in May 2019, federal authorities arrested him in Texas. He pleaded guilty, again, to being in the United States unlawfully following his removal. The district court in the Western District of Texas then sentenced Defendant to seventy months of imprisonment plus another three-year term of supervised release. United States v. Viramontes-Ruiz, No. 3:19-cr-01615-KC (W.D. Tex. Oct. 7, 2019) (judgment). Defendant did not appeal.

Before serving that latest sentence imposed by the federal court in Texas, though, Defendant first had to serve the remaining six months of his federal sentence from Nevada.[1] That makes Defendant's appeal moot.

First, Defendant completed the custodial portion of his sentence from the District of Nevada on October 16, 2019. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (holding that a defendant "has no standing to challenge [a] completed sentence" of incarceration). Second, Defendant's unappealed three-year term of supervised release from the Western District of Texas is coextensive with his three-year term from the District of Nevada. See 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release."). Thus, Defendant does not present a case in which "[t]he 'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2) [i]s enough to prevent the [appeal] from being moot." Mujahid v. Daniels, 413 F.3d 991, 995 (9th Cir. 2005) (citation omitted). Even if Defendant's term of supervised release from Nevada were eliminated, he still

---

[1] We grant the government's motion for us to take judicial notice of the undisputed records from the Federal Bureau of Prisons and for those records to remain sealed. (Docket Nos. 41 and 42).

would spend those same three years under supervision by the Western District of Texas. We thus "cannot grant 'any effectual relief whatever' in [his] favor." Calderon v. Moore, 518 U.S. 149, 150 (1996) (citation omitted).

**DISMISSED.**