[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

———————————————

No. 21-11330

Non-Argument Calendar

———————————————

L. LIN WOOD,

Plaintiff-Appellant,

*versus*

SECRETARY OF STATE FOR THE STATE OF GEORGIA,
REBECCA N. SULLIVAN,
in her official capacity as Vice Chair of the Georgia State Election
Board,
DAVID J. WORLEY,
in his official capacity as a Member of the Georgia State Election
Board,
MATTHEW MASHBURN,

in his official capacity as a Member of the Georgia State Election
Board,
ANH LE,
in her official capacity as a Member of the Georgia State Election
Board,

                                                    Defendants-Appellees


DSCC
Democratic Party of Georgia, Inc.,

                                        Intervenors-Defendants-Appellees.


————————————

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cv-05155-TCB

————————————


Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

    Appellant, L. Lin Wood, appeals from the from the district
court's denial of his motion for extension of time to serve certain

defendants. For the reasons explained below, his appeal is dismissed as moot.

On December 18, 2020, Appellant filed his complaint seeking to halt Georgia's January 2021 runoff election for the U.S. Senate because the state's election procedures allegedly violated his right to vote under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the Guarantee Clause of the U.S. Constitution. On December 28, 2020, the district court dismissed Appellant's suit for lack of jurisdiction because the court found that he did not have Article III standing to sue. That same day, Appellant filed his notice of appeal. Nearly three months later, on March 18, 2021, Appellant filed with the district court a motion for extension of time to serve certain defendants. The district court summarily denied that motion the next day. Appellant appealed that denial out of "an abundance of caution" because his underlying case was, at that time, pending on appeal before this Court.

On July 12, 2021, we stayed this appeal pending the resolution of Appellant's appeal of the district court's dismissal of his underlying suit. On August 6, 2021, this Court affirmed the district court's ruling because Appellant lacked Article III standing. *Wood v. Raffensperger*, No. 20-14813, 2021 WL 3440690, at *2–3 (11th Cir. Aug. 6, 2021) (per curiam). Because this Court affirmed the dismissal of Appellant's complaint, we cannot grant effective relief and accordingly must dismiss this appeal as moot. *See United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th

Cir. 2015) ("An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'" (quoting *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067 (1996) (per curiam))).  This appeal is

**DISMISSED AS MOOT.**[1]

---

[1] In light of this ruling, Appellees' conditional motion for leave to supplement the record on appeal is also **DISMISSED AS MOOT**.