NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERREL L. THOMAS,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2440

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2749, Chief Judge Margaret C. Bartley, Judge William S. Greenberg, Judge Michael P. Allen.

---

Decided: June 11, 2020

---

DERREL L. THOMAS, Brooksville, FL, pro se.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, DYK, and CHEN, *Circuit Judges.*

PER CURIAM.

Derrel L. Thomas appeals from the panel decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") adopting the single-judge order denying his petition for a writ of mandamus. *See Thomas v. Wilkie*, No. 19-2749, 2019 WL 3210103 (Vet. App. July 17, 2019) ("*Decision*"). Because we cannot review the issues raised in this appeal or grant the relief sought in Thomas's petition, we *dismiss* the appeal.

## BACKGROUND

In April 2019, Thomas filed a petition for extraordinary relief in the Veterans Court in connection with claims for special monthly compensation ("SMC") that he had previously filed at the United States Department of Veterans Affairs ("VA"). For context, we provide the following brief history of Thomas's underlying claims for SMC, which were based on his alleged need of regular aid and attendance ("A&A"), *see* 38 U.S.C. § 1114(l), and his alleged housebound status, *see* 38 U.S.C. § 1114(s).

In July 2010, Thomas first filed a claim for SMC based on A&A, which was twice denied by a regional office ("RO") of the VA in rating decisions issued in February 2011 and March 2012. Thomas appealed the March 2012 rating decision to the Board of Veterans' Appeals ("Board"), and, in December 2012, the Board remanded the case to the RO to issue a Statement of the Case ("SOC") with express instructions that "[t]hese claims should be returned to the Board for further appellate consideration only if the Veteran perfects a timely appeal." Appellee Appx. 59. The RO issued

the SOC in February 2015, but Thomas never perfected an appeal.

Separately, the RO granted Thomas SMC based on housebound status in a rating decision issued in September 2018. On March 5, 2019, Thomas submitted a Notice of Disagreement ("NOD") regarding that decision in which he indicated that he was seeking SMC based on A&A. The RO advised Thomas that it was treating his NOD as an intent to file a new claim for SMC based on A&A and requested that he complete VA Form 21-526EZ (Application for Disability Compensation and Related Compensation Benefits) regarding his new claim for SMC based on A&A. Thomas subsequently completed the application.

On April 21, 2019, Thomas filed at the Veterans Court a petition seeking extraordinary relief in the form of a writ of mandamus. Thomas asserted that the VA's unreasonable delay and denial of benefits violated his constitutional rights and violated the statutory duties of the Secretary of Veterans Affairs (the "Secretary"). *See Decision*, 2019 WL 3210103, at *1; *see also* Petition for Extraordinary Relief, *Thomas v. Wilkie*, No. 19-2749 (Ct. Vet. App. Apr. 21, 2019). Thomas sought an order compelling the Secretary to grant his claim for SMC based on A&A. *Id.*

On July 17, 2019, the Veterans Court denied the petition. The court applied the factors for evaluating a mandamus petition based on delay as set forth in *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"). The court found that, although the *TRAC* factors that focus on a petitioner's interests weighed in Thomas's favor, the first factor ("rule of reason"), second factor (statutory timelines), and fourth factor (effect of granting the writ on other VA activities) weighed strongly against granting the writ. *Decision*, 2019 WL 3210103, at *2. Thus, the court concluded that Thomas "failed to demonstrate that any delay here has been so egregious as to warrant the issuance of a writ." *Id.* at *3.

Importantly, the Veterans Court assessed the petition with respect to each of Thomas's claims for SMC based on A&A.  Regarding the 2010 claim, the court found that:

> VA's actions haven't been unreasonable, at least in a manner that the Court can remedy at this point. There have been periods of delay in the processing of petitioner's claim, some of which are of concern to the Court. For example, the RO's nearly two-and-a-half-year delay in complying with the Board's directive to issue an SOC is difficult to understand. Unfortunately, however, those delays are not something the Court can remedy at this point. After this delay, appellant did not submit a Substantive Appeal, so that [March 2012] decision denying SMC based on A&A is final.

*Id.* at *2.  And regarding Thomas's 2019 claim, the court concluded that it had "only been pending since March 2019 and it appears VA is actively processing it."  *Id.*

In the time since the Veterans Court denied Thomas's petition, the Secretary represents that the RO denied Thomas's new claim for SMC based on A&A.  Appellee Br. 5–6.  The Secretary further represents that Thomas appealed that denial to the Board.  *Id.*

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We may review a decision by the Veterans Court concerning whether to grant a mandamus petition when it raises a non-frivolous legal question.  *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also* 38 U.S.C. § 7292(a).  "In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular

facts of a veteran's case." *Beasley*, 709 F.3d at 1158; 38 U.S.C. § 7292(d)(2).

Here, Thomas has not identified a non-frivolous legal question raised by the Veterans Court's decision. The Veterans Court did not interpret any statutes or regulations. Rather, the court applied the well-established *TRAC* factors to the facts of Thomas's case and determined that the facts did not justify the extraordinary remedy of a writ of mandamus. *See Decision*, 2019 WL 3210103, at *2. We have no basis to reverse that decision.

Thomas's arguments on appeal fail to persuade us otherwise. Thomas focuses entirely on the merits of his claims for benefits, *see* Appellant Br. 4–9, and concludes his brief, not by asking us to compel the Secretary to act, but rather by asking us to "award [A&A]," *id.* at 9. To the extent Thomas seeks to challenge the VA's decisions on the merits of his claims for SMC, a mandamus petition is not the appropriate vehicle for such a challenge. *See Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1, 9 n.6 (1983) ("[A] court of appeals has no occasion to engage in extraordinary review by mandamus in aid of its jurisdiction . . . when it can exercise the same review by a contemporaneous ordinary appeal.") The Veterans Court's decision and the scope of this appeal are limited to the only issue that Thomas properly raised in his mandamus petition, namely, the Secretary's alleged delay in acting on his claim for SMC based on A&A. On that issue, we may not review the Veterans Court's straightforward application of the *TRAC* factors to the facts of this case.

We recognize that Thomas has characterized at least some of his arguments as "due process" violations, *see* Appellant Br. 3, 6–7, and that we generally have jurisdiction to review constitutional issues raised in an appeal, *see* 38 U.S.C. § 7292(d)(2). However, like his other arguments, Thomas's purported due process challenge is merely a challenge to the RO's and the Board's decisions on the merits

of his claims for SMC. Accordingly, Thomas's due process challenge is constitutional in name only and is not reviewable. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[Appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Finally, based on the Secretary's representations as to the status of Thomas's 2019 claim for SMC based on A&A, this appeal appears to be moot. Properly construed, Thomas's mandamus petition sought an order compelling the Secretary to act on his claim for SMC based on A&A. *See Decision*, 2019 WL 3210103, at *1. At this point, we have no ability to grant that remedy with respect to either of Thomas's two claims for SMC based on A&A. Regarding his 2010 claim, as the Veterans Court noted, the March 2012 rating decision is final because Thomas failed to perfect an appeal after the RO issued the February 2015 SOC. *See Decision*, 2019 WL 3210103, at *2. And regarding his 2019 claim, it appears that the RO has already decided the claim and thereby taken the action that Thomas seeks to compel. Thus, even to the extent Thomas has raised any reviewable issues (which he has not), this appeal must be dismissed as moot because we cannot grant any relief sought in his mandamus petition. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) ("[A]n appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant . . . ." (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))).

## CONCLUSION

We have considered Thomas's remaining arguments, but we find them unpersuasive. The appeal is *dismissed*.

## DISMISSED

## COSTS

No costs.