[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14023

Non-Argument Calendar

_____

WILLIAM R. TINNERMAN,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-01429-TJC-PDB

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

William R. Tinnerman, a counseled plaintiff, appeals the dismissal of his amended complaint against the government in which he sought judicial review of and relief from a certification that he had seriously delinquent tax debts for certain years. The government, in turn, moves to dismiss the appeal in part, and for summary affirmance in part. It also moves to stay the briefing schedule. Tinnerman has, in response, filed three motions for sanctions regarding the motions for partial dismissal, partial summary affirmance, and the motion to stay the briefing schedule. Because we agree with the government that two of Tinnerman's claims have been mooted by the government's recent write-off of his tax liabilities and its reversal of the certification of seriously delinquent tax debt, we grant the government's motion to dismiss those claims. And because we agree that Tinnerman's last two claims are barred by sovereign immunity, we summarily affirm the district court's decision on those claims as well.

## I.    Background

In 2019, Tinnerman filed the present counseled action against the United States in the Middle District of Florida. Ultimately, Tinnerman alleged that he was entitled to: (1) judicial review of the actions the IRS took with respect to his liabilities for tax years 1999 through 2002, and a request that the district court

void or reverse decisions made by, *inter alia*, the U.S. Tax Court; (2) a refund of taxes that were allegedly assessed erroneously and collected by the Internal Revenue Service ("IRS") for tax years 1999 and 2000; and (3) a determination that the IRS's Notice of Certification of Seriously Delinquent Tax Debt to the State Department was erroneous and reversal of that certification.

Tinnerman raised four claims for relief. In the first ("Claim I"), he alleged that the IRS violated his due process rights when officials denied him an appeal hearing for decisions it made on the 1999–2002 tax years, relied on incorrect filings to determine that he owed taxable income, and denied him the opportunity to challenge the incorrect filings before the agency, meaning he had to challenge them before the tax court.[1] In his second ("Claim II"), Tinnerman alleged that the IRS erroneously certified that his tax debt was seriously delinquent for the years 1999–2002, as he did not

---

[1] According to court records, the Tax Court case Tinnerman referred to resolved two petitions he had previously filed concerning certain IRS determinations for the years 1999–2002. *See Tinnerman v. Comm'r of Internal Revenue*, T.C. Memo. 2006-250, 2006 WL 3299074 (November 14, 2006). The Tax Court ultimately issued a decision for the IRS and found that: (i) he had committed tax fraud for 1999, 2000, and 2001, and was liable for the deficiencies in his income tax for those years; (ii) he fraudulently intended to understate his income on his taxes for 1999–2001; (iii) he was liable for additions to his tax liability (5% of the taxes owed for each month he failed to pay with a 25% cap) for failure to file an income tax return for 1999 through 2002; and (iv) he was subject to penalties for filing a frivolous petition. *Id.* at *4–*7.

have legally enforceable tax debt; the notice of certification of the delinquency to the State Department[2] was untimely, unauthorized, and invalid; and the notice violated his due process rights, especially considering it was issued without statutory authority. In his third ("Claim III"), Tinnerman alleged that he was not required to file returns for 1999 or 2000 and was not notified otherwise, and he erroneously self-assessed $2,449.00 in taxes in 1999, meaning that he did not owe taxes for that year and should have had that amount refunded. For his fourth claim ("Claim IV"), Tinnerman alleged that he had made the same mistake in 2000 and was owed a $2,629.00 refund of the amount he paid.

The government responded by moving to dismiss Tinnerman's amended complaint. It argued that the district court lacked jurisdiction over Counts I, III, and IV based on the Anti-Injunction Act, 26 U.S.C. § 7421, Declaratory Judgment Act, 28 U.S.C. § 2201 and because Tinnerman had not established that the government had waived sovereign immunity for tax suits, 29 U.S.C. § 1346(a)(1). Additionally, the government argued that Count II failed to state a claim upon which relief could be granted under 26 U.S.C. § 7345 because, even taking his allegations as true, Tinnerman's debt to the IRS qualified as "seriously delinquent tax

---

[2] The IRS can certify seriously delinquent tax debt to the State Department so the Department knows to deny the renewal of or revoke a debtor's passport. *See* IRS, *Revocation or Denial of Passport in Case of Certain Unpaid Taxes* (Aug. 22, 2022), https://www.irs.gov/businesses/small-businesses-self-employed/revocation-or-denial-of-passport-in-case-of-certain-unpaid-taxes

debt" under 26 U.S.C. § 7345.   After a series of replies and responses, the district court agreed with the government, dismissing all four claims, and denying Timmerman's request for leave to file a second amended complaint.   Tinnerman timely appealed.

The government moved to dismiss the appeal for lack of subject-matter jurisdiction as to Claims I and II, for summary affirmance as to Claims III and IV, and to stay the briefing schedule. With regard to Claims I and II, the government contended that the claims were moot and should be dismissed because, following the district court's dismissal, the IRS wrote off Tinnerman's tax liabilities for 1999 through 2002 due to the expiration of the statutory deadlines to collect them.   The IRS also reversed the certification of seriously delinquent tax debt to the State Department.[3]

After responding to the government's motions, Tinnerman responded with three separate motions for sanctions.

For ease of reference, we will first address the government's motion to dismiss in part, then its motion for summary affirmance in part or to stay the briefing schedule, and finally Tinnerman's motions for sanctions.

---

[3] The government attached the transcripts reflecting these developments to its motion to dismiss.  We exercise our equitable authority to supplement the record with the transcripts "in aid of making an informed decision." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).

I.

For its motion to dismiss the appeal for lack of subject-matter jurisdiction, as to Claims I and II, the government argues that the appeal is moot as to those claims. The government asserts that Claims I and II both relate to Tinnerman's challenge to his income tax liabilities for 1999 through 2002, with (a) Claim I challenging the validity of those liabilities and seeking a declaration regarding past actions of the IRS and Tax Court and (b) Claim II challenging the related notice to the State Department regarding Tinnerman's certification as an individual having a seriously delinquent tax debt. Because these liabilities were written off and the State Department notice reversed, the government argues these claims are moot and therefore, we lack jurisdiction to adjudicate those claims. We agree.

While Tinnerman opposes the government's motion on various procedural grounds, he does not provide a substantive response concerning whether his appeal still presents an active case or controversy as to Claims I and II.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting U.S. Const. art. III, § 2). "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (quotation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest

in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (alteration adopted) (quotation omitted).

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d 1336; *see also United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015) ("An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'" (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996))). "Indeed, dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

Here, we grant the government's motion to dismiss the appeal in part for lack of subject-matter jurisdiction because the appeal is moot as to Claims I and II. There is no longer a live controversy. Count I involves a claim for an appeal of a tax assessment for the 1999–2002 tax years that the IRS wrote off because the collection deadline of I.R.C. § 6502(a) expired. Count II is a request for reversal of a certification that the State Department has already removed. There is no meaningful relief we can grant because the relief requested—to appeal to change and contest a tax assessment and to remove the "seriously delinquent"

classification from Tinnerman's passport—has already been granted. Because we lack jurisdiction, dismissal is required.

## II.

For its motion for summary affirmance relating to Claims III and IV, the government argues that the court lacks jurisdiction because Tinnerman did not meet the requirements to qualify for a sovereign immunity waiver under 28 U.S.C. § 1346(a)(1) because Tinnerman had not made full payment of income taxes for the years 1999 and 2000.[4]

Tinnerman opposes the government's motion on various procedural grounds. He also argues in his initial brief that Claims III and IV sought to recover the sums paid for 1999 and 2000 that were erroneously assessed, and the district court erred by finding there was no subject-matter jurisdiction, as he was proceeding under the Administrative Procedure Act (APA) and not under 28 U.S.C. § 1346. He also asserts that rather than dismissing his case, the district court should have given him the opportunity to file a second amended complaint.

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

---

[4] Alternatively, the government argues for the first time on appeal that the district court lacked jurisdiction under 26 U.S.C. § 6512(a). We need not discuss this alternative grounds for dismissal because we affirm the district court's dismissal on sovereign immunity grounds.

21-14023                Opinion of the Court                    9

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[5]

We review *de novo* a district court's dismissal of a complaint for lack of subject-matter jurisdiction. *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018). A federal court is obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). We review *de novo* the district court's decision to deny leave to amend based on futility. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008).

We grant the government's motion for summary affirmance as to the dismissal of Claims III and IV because its position is clearly correct as a matter of law. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000). In 28 U.S.C. § 1346(a)(1), the government has expressly waived its sovereign immunity for tax refund suits. 28 U.S.C. § 1346(a)(1) (authorizing "[a]ny civil action against the

---

[5] Fifth Circuit decisions issued prior to October 1, 1981, are binding on the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws"). However, the Supreme Court has held that the waiver of sovereign immunity provided for in § 1346(a)(1) only applies when a taxpayer has paid to the IRS the full amount of the contested tax liability. *See Flora v. United States*, 362 U.S. 145, 150–51, 177 (1960) ("Reargument has but fortified our view that s 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court.").

Tinnerman asserts he was not seeking to recover under § 1346 and was instead proceeding under the APA, 5 U.S.C. § 702, which provides for the right of judicial review of an agency action and operates as a general waiver of sovereign immunity for suits against the United States seeking nonmonetary relief, even if the claim does not arise under the APA. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985) ("The defense of sovereign immunity is waived in actions against federal government agencies seeking nonmonetary relief if the agency conduct is itself subject to judicial review.").

However, § 702's waiver did not apply because Tinnerman sought monetary relief and because § 702 states that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which

is sought." 5 U.S.C. § 702.  Section 1346 authorizes tax refund suits but only when the plaintiff has paid their tax liability in full, which Tinnerman had not, and the APA does not create a cause of action when another "statute that grants consent to suit expressly"— § 1346—would bar relief for failure to comply with its jurisdictional requirements.

Accordingly, because Tinnerman did not pay in full what he owed before filing a claim for recovery, the district court lacked subject-matter jurisdiction to hear his claims for recovery and properly dismissed these claims.

Additionally, the district court did not err in denying Tinnerman leave to amend his complaint a second time because doing so would have been futile.  Regardless of any amendment he might make, Claims III and IV (for a refund of monies paid) would still be barred by sovereign immunity because he did not pay the total tax liability.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (quotations omitted)).   Thus, the government's position is correct as a matter of law, and we grant the government's motion for summary affirmance as to Claims III and IV and deny as moot its motion to stay the briefing schedule. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

We **GRANT** the government's motion to dismiss this appeal as to Claims I and II.  Moreover, because the government's position concerning Claims III and IV is clearly correct as a matter of law,

we **GRANT** the government's motion for summary affirmance as to those claims and **DENY AS MOOT** its motion to stay the briefing schedule.    We also **DENY** Tinnerman's motions for sanctions.[6]

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

[6] As noted above, Tinnerman has filed three separate motions for sanctions relating to the government's motion to dismiss the appeal, the motion for summary affirmance, and the motion to stay the briefing schedule.  These motions are frivolous and we deny them.